UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 17-52 (NLH/AMD) |
| v. | **ORDER** |
| MICHAEL KWASNIK and WILLIAM KWASNIK, | |
| Defendants. | |

**HILLMAN**, District Judge

   This matter having come before the Court by way of an oral motion[1] made by Defendant Michael Kwasnik before this Court on March 6, 2017, in which his Codefendant, William Kwasnik, joins, seeking the recusal of the undersigned in this criminal matter; and

   Defendants arguing that in Civil Action Number 1:09-cv-2973-NLH-JS, Westdale Construction v. Liberty State Financial, et al., the undersigned commented on evidence of potential fraud and violations of state and federal law which warranted a

---

[1] Defendant Michael Kwasnik first raised the issue of recusal by way of a letter to the Court dated March 3, 2017.  The Clerk of the Court is directed to file the parties' letter briefs made in support of, and in opposition to, Defendant's oral motion.

referral to the United States Attorney's Office regarding the actions of Defendants in the present criminal matter; and

Defendants further arguing that the undersigned's comments and referral serve as the basis for the current Indictment in this matter; and

The Court having reviewed and considered the respective submissions made by the Government and Defendants on the issue of recusal; and

The Court noting: a) it is unclear what relationship, if any, exists between the Westdale matter, and the allegations of the current indictment; b) the Court has an independent obligation to refer a special master's finding of evidence of criminal conduct to appropriate authorities, cf., 18 U.S.C. § 4; and c) that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994); and

The Court being of the opinion that the Liteky standard has not been met here in that there is no reasonable basis to conclude that Court holds any bias or partiality in this matter

2

such that it displays a deep-seated favoritism or antagonism; and

The Court further noting that while the Government opposes the pending motion for recusal arguing that Defendants have not demonstrated that recusal is required under the circumstances, the Government nonetheless concedes that there is a "possibility that an appellate panel may disagree" and therefore, the Government defers to the Court to decide, whether, out of an abundance of caution, this matter should be reassigned; and

The Court concluding that the Government's concerns regarding their legal position on recusal has the potential to implicate 28 U.S.C. § 445(a) which requires "[a]ny justice, judge, or magistrate judge of the United States" to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and that therefore reassignment is prudent under the all of the circumstances;

Accordingly,

IT IS on this  10th   day of   April   , 2017, hereby

**ORDERED** that Defendants' motion for recusal shall be, and hereby is, **GRANTED**.


At Camden, New Jersey

s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.